## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| ARIONA JOHNSON, Individually and as Mother and Next Friend of VICTORIA DAY, a minor, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. |
| vs. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, ARIONA JOHNSON, Individually and as Mother and Next Friend of VICTORIA DAY, a minor, through their attorneys, GOLDBERG & SCHULKIN LAW OFFICES, and complaining of the Defendant, UNITED STATES OF AMERICA (hereinafter referred to as "UNITED STATES"), pleading hypothetically and in the alternative, state as follows:

## NATURE OF THE CASE

1. This is a civil action for money damages for personal injuries suffered by VICTORIA DAY, and for expenses incurred and to be incurred by ARIONA JOHNSON for the care and treatment received by her daughter, VICTORIA DAY, as a result of her injuries.

## PARTIES

2. Plaintiff VICTORIA DAY, born on October 12, 2018, resides at 1020 N. Independence Avenue, Rockford, Illinois, and is a citizen of Illinois.

3. Plaintiff ARIONA JOHNSON is VICTORIA DAY's mother, resides at 1020 N. Independence Avenue, Rockford, Illinois, and is a citizen of Illinois.

1

4.  The UNITED STATES is a proper defendant under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 and 2674.

## JURISDICTION AND VENUE

5.  This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

6.  Pursuant to 28 U.S.C. § 2675, on April 14, 2020 Plaintiffs presented an Administrative Claim for claims set forth below to the Department of Health and Human Services.

7.  As of October 15, 2020, the Department of Health and Human Services had not accepted or denied the claim within six months of presentation, so all conditions precedent to the filing of an action under the Federal Tort Claims Act have been met pursuant to 28 U.S.C. § 2675.

8.  Venue is properly within this District under 28 U.S.C. § 1402(b), as the acts complained of occurred in Rockford, Illinois, which falls within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

9.  On October 11, 2018, and at all times pertinent hereto, Crusader Community Health Clinic (hereinafter "Crusader") was a Federally-funded family health clinic with its principal place of business in Rockford, Illinois,

10. On October 11, 2018, and at all times pertinent hereto, Crusader was engaged in providing healthcare services, including prenatal care, at 1100 Broadway in Rockford, Illinois.

11. On October 11, 2018, and at all times pertinent hereto, Crusader had on its staff various physicians, nurses, and related health providers for the purposes of effectuating healthcare services, including prenatal care.

12. On October 11, 2018, and at all times pertinent hereto, Theresa M. Sheahan, APRN, was an advanced practice registered nurse duly licensed within the State of Illinois.

13. On October 11, 2018, and at all times pertinent hereto, Theresa M. Sheahan, APRN, was providing healthcare services, including prenatal care, at Crusader.

14. On October 11, 2018, and at all times pertinent hereto, Theresa M. Sheahan, APRN, was an employee and/or agent of Defendant UNITED STATES while providing healthcare services, including prenatal care, at Crusader.

15. On October 11, 2018, and at all times pertinent hereto, Theresa M. Sheahan, APRN was acting within the course and scope of her authority as an employee and/or agent of Defendant UNITED STATES.

16. On October 11, 2018, and at all times pertinent hereto, Plaintiff ARIONA JOHNSON was pregnant.

17. On October 11, 2018, Plaintiff ARIONA JOHNSON was seen at Crusader for prenatal care.

18. On October 11, 2018, Plaintiff ARIONA JOHNSON was examined and/or treated by Theresa M. Sheahan, APRN.

19. On October 11, 2018, Plaintiff ARIONA JOHNSON was approximately twenty-eight (28) weeks gestation.

20. On October 11, 2019, Plaintiff ARIONA JOHNSON had a history of two emergency department visits within the prior ten days for complaints of abdominal pain.

21. On October 11, 2019, Plaintiff ARIONA JOHNSON had a history of two emergency department visits within the prior ten days, where she was found to have had elevated blood pressures.

22. On October 11, 2019, Plaintiff ARIONA JOHNSON had a platelet count of  118,000 /µL.

23. On October 11, 2019, Plaintiff ARIONA JOHNSON's urine was not tested for the presence of protein/glucose.

24. On October 11, 2019, Plaintiff ARIONA JOHNSON was sent home from Crusader with instructions to follow-up at Crusader in two weeks as scheduled.

25. On October 12, 2018, Plaintiff VICTORIA DAY was delivered.

26. On October 12, 2018, Plaintiff VICTORIA DAY was injured.

## COUNT I

NOW COMES the Plaintiff, VICTORIA DAY, a minor, by her parents and next friend, ARIONA JOHNSON, by and through her attorneys, GOLDBERG & SCHULKIN LAW OFFICES, and complaining of the Defendant UNITED STATES, pleading hypothetically and in the alternative, states as follows:

1-26. Plaintiff adopts and realleges paragraphs one (1) through twenty-six (26) of this Complaint as paragraphs one (1) through twenty-six (26) of Count I of this Complaint, as though fully set forth herein.

27. On October 11, 2018, the Defendant, UNITED STATES, by and through its agents and employees, including Theresa Sheehan, APRN, was then and there guilty of one or more of the following acts and/or omissions:

> (a) failed to properly evaluate the patient;
>
> (b) failed to order and conduct appropriate testing;
>
> (c) failed to properly monitor for signs of preeclampsia and/or HELLP;
>
> (d) failed to admit the patient to the hospital; and
>
> (e) failed to make sure the patient received timely and adequate corticosteroid treatment to protect the fetus.

28. As a direct and proximate result of one or more of the aforesaid acts and omissions, Plaintiff VICTORIA DAY suffered permanent neurologic injuries and has sustained physical,

mental and emotional pain and suffering, disability, disfigurement, and loss of normal enjoyment of life, all of which injuries and conditions are permanent. She has required and will require lifelong hospital, medical, nursing, therapeutic, life care and related services at great expense, and she has permanently lost her earning capacity as a result of her injuries.

29.  Attached to this Complaint at Law, as **Exhibit A**, is the affidavit of Plaintiffs' attorney, Jeffrey A. Schulkin, in compliance with Section 2-622 of the Illinois Code of Civil Procedure.

30.  Attached to this Complaint at Law, as **Exhibit B**, is the certificate of merit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, VICTORIA DAY, a minor, by her mother and next friend, ARIONA JOHNSON, prays for judgment against the Defendant, UNITED STATES, in such an amount as shall be just and proper compensation for the injuries sustained, plus costs.

## COUNT II

NOW COMES the Plaintiff, ARIONA JOHNSON, by and through her attorneys, GOLDBERG & SCHULKIN  LAW OFFICES, and complaining of the Defendant, UNITED STATES, pleading hypothetically and in the alternative, states as follows:

1-30. Plaintiffs adopt and reallege paragraphs one (1) through thirty (30) of Count I of this Complaint as paragraphs one (1) through thirty (30) of Count II of this Complaint, as though fully set forth herein.

31. At all times relevant to this action, ARIONA JOHNSON was the mother of VICTORIA DAY.

32. As a direct and proximate result of one or more of the aforesaid acts or omissions of Defendant, and the resultant injuries suffered by VICTORIA DAY, ARIONA JOHNSON has

become legally obligated for expenses for hospital, medical, nursing, therapeutic, life care and related services.

33.  Pursuant to the Family Expense Act, 750 ILCS 65/15, ARIONA JOHNSON is entitled to recover for the expenses and services associated with the care and treatment received and to be received in the future by her daughter, VICTORIA DAY, as a result of her injuries.

WHEREFORE, Plaintiff, ARIONA JOHNSON, prays for judgment against the Defendant, UNITED STATES, in such an amount as shall be just and proper compensation for expenses incurred, plus costs.

**GOLDBERG & SCHULKIN LAW OFFICES**

By:     /s/Jeffrey A. Schulkin
                Attorneys for the Plaintiffs

Jeffrey M. Goldberg
Jeffrey A. Schulkin
GOLDBERG & SCHULKIN LAW OFFICES
20 North Clark Street, Suite 3100
Chicago, IL 60602
p. (312) 236-4146
f. (312) 236-5913
jgoldberg@goldberglaw.com
jschulkin@goldberglaw.com
Jeffrey M. Goldberg: ARDC# 0984086
Jeffrey A. Schulkin: ARDC# 6230220

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| ARIONA JOHNSON, Individually and as Mother and Next Friend of VICTORIA DAY, a minor, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) |

Civil Action No.

## <u>AFFIDAVIT OF JEFFREY A. SCHULKIN</u>

I, Jeffrey A. Schulkin, being first duly sworn on oath, depose and state as follows:

1. I am an attorney duly licensed in the State of Illinois.

2. I am one of the attorneys representing the Plaintiffs in this case.

3. I have personally reviewed the medical records pertinent to this claim including the prenatal records, labor and delivery, newborn and related records.

4. I have consulted and reviewed the facts of the case with a health care professional who I reasonably believe:

    (i)     Is knowledgeable on the issues involving the particular action;
    (ii)    Practices or has practiced within the last six years in the same area of health care or medicine that is at issue in this particular action; and
    (iii)   Is qualified by experience and demonstrated competence in the subject of the case.

5. The healthcare professional has determined in a written report (Exhibit B), after review of the medical records, that there is reasonable and meritorious cause for the filing of this action.

Page 1 of 2



6.  I have further concluded, based on my own review, and the consultation review with the expert, that there is reasonable and meritorious cause for the filing of this action.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Jeffrey A. Schulkin

Subscribed and Sworn to before me
this _____ day of, 2020.

OFFICIAL SEAL
BRUCE D GOODMAN
NOTARY PUBLIC - STATE OF ILLINOIS
EXPIRES 11/25/23

_____
Notary Public

Page 2 of 2

Jeffrey M. Goldberg
Jeffrey A. Schulkin
GOLDBERG & SCHULKIN LAW OFFICES
20 North Clark Street, Suite 3100
Chicago, IL 60602
p. (312) 236-4146
f. (312) 236-5913
jgoldberg@goldberglaw.com
jschulkin@goldberglaw.com
Jeffrey M. Goldberg: ARDC# 0984086
Jeffrey A. Schulkin: ARDC# 6230220

September 29, 2020

I am a licensed obstetrician/gynecologist who has been in continuous practice for thirty-five (35) years. I have consulted and reviewed the facts of this case and I am knowledgeable in the relevant issues involved in this particular matter. During the past six (6) years I have been practicing medicine, making the same decisions, ordering the same care and treatment for patients that are at issue in this case. I am familiar with the standard of care for obstetricians in evaluating and treating a patient under the circumstances that existed in this case.

I have reviewed the following materials concerning Ariona Johnson:

- Prenatal records for Ariona Johnson from Crusader Community Health Clinic dated 5/24/18-10/11/18;

- Labor and delivery records and FHTs for Ariona Jonson from Mercyhealth Javon Bea Hospital-Riverside a/k/a Rockford Memorial Hospital dated 10/12/18-10/15/18;

- ER records for Ariona Johnson from Swedish American Hospital dated 10/1/18;

- ER records for Ariona Johnson from Mercyhealth Javon Bea Hospital-Riverside a/k/a Rockford Memorial Hospital dated 10/6/18; and

- History and physical records and discharge summary for Victoria Heaven Day from Mercyhealth Javon Bea Hospital-Riverside a/k/a Rockford Memorial Hospital.

Based on my review of the materials identified above, I believe there is a meritorious cause of action against Crusader Community Health Clinic and Theresa M. Sheahan, APRN, for failing to comply with the applicable standard of care on October 11, 2018 in the following ways:

(a)    failed to properly evaluate the patient;

(b)    failed to order and conduct appropriate testing;

(c)    failed to properly monitor for signs of preeclampsia and/or HELLP;

(d)    failed to admit the patient to the hospital; and

(e)    failed to make sure the patient received timely and adequate corticosteroid treatment to protect the fetus.

1



It is my opinion to a reasonable degree of medical certainty that the above failures of Crusader Community Health Clinic and Theresa M. Sheahan, APRN to comply with the applicable standard of care on October 11, 2018 caused Ariona Johnson's baby, Victoria Day, to suffer significant harm, including but not limited to an intraventricular hemorrhage.

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| ARIONA JOHNSON, Individually and as Mother and Next Friend of VICTORIA DAY, a minor, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. |
| vs. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' WRITTEN INTERROGATORIES TO DEFENDANT**

Now come the Plaintiffs, ARIONA JOHNSON, Individually and as Mother and Next Friend of VICTORIA DAY, a minor, by their attorneys, GOLDBERG & SCHULKIN LAW OFFICES, and propound the following Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure, to be answered under oath by the Defendant, UNITED STATES OF AMERICA (hereinafter referred to as "UNITED STATES"), within thirty (30) days:

**<u>DEFINITIONS</u>**

**<u>Identify</u> -** When used with regard to a person, "identify" shall mean to identify the person's (a) full name; (b) title or position; (c) present or last known business and home address and telephone numbers; (d) present or last known employer; (e) Social Security Number; and (f) date of birth.

**<u>Identify</u> -** When used with regard to a "document," "identify" shall mean to identify the (a) title/nature of the document; (b) date of the document; (c) who prepared the document; and (d) who has possession of the document.

**<u>You</u>**:  As used herein, the word "you," includes, but is not limited to, your attorneys, representatives, agents, assigns, partners, anyone acting on your behalf, and any other related persons or entities.

1

**Document**:  As used herein, the word "document" includes, but is not limited to, papers, writings, photographs, films, recordings, memoranda, books, records, accounts, communications and all retrievable information in computer storage.

**Visual Representation:**  As used herein, the words "visual representation" include, but are not limited to, blueprints, drawings, photographs, slides, motion pictures, films, videotapes, drawings, sketches, x-rays, radiological studies, medical imaging, microfiche, microfilm, any retrievable image in computer storage including images stored on CD ROM, or any other recordings of the physical appearance of any subject by any means.

**Statement:**  As used herein, the word "statement" includes, but is not limited to, any statement, or notes or summaries of any statements, given by any person, whether a party or non-party, that is written (whether signed or unsigned), oral, recorded (whether transcribed or not), or held in any other medium, including, but not limited to, information in computer storage.

**Witness:**  As used herein, the word "witness" means any person who has knowledge of, claims to have knowledge of, or that you believe may have knowledge of the occurrence, the injuries, the damages alleged, or any other matter in issue.

**Non-Disclosure**:  With respect to any information and/or documents which the respondent withholds, does not disclose, or exerts a claim of privilege of non-disclosure, a statement shall be provided by the respondent's counsel that indicates the following:

(a)     A description of the nature of the documents, communications or things claimed to be privileged; and

(b)     The exact privilege that is being claimed.

***

1.     "Identify" the individual answering these interrogatories and, if different, "identify" the individual signing.

**ANSWER:**

2.     "Identify" all persons who witnessed or claims to have witnessed the care and treatment of Ariona Johnson and/or Victoria Day while at Crusader Community Health Clinic on October 11, 2018.

**ANSWER:**

3.     "Identify" any person or persons (not named in interrogatory 2 above) who was present or claims to have been present immediately before, at the time of, or immediately after the care and treatment, which is the subject of this litigation, of Ariona Johnson and/or Victoria Day.

**ANSWER:**

2

4.     "Identify" all persons who witnessed or claims to have witnessed the care and treatment of Ariona Johnson and/or Victoria Day while at Crusader Community Health Clinic from May 24, 2018 through October 10, 2018.

**ANSWER:**

5.     "Identify" each person (other than persons heretofore listed) who has knowledge of any facts regarding the treatment of Ariona Johnson and/or Victoria Day, or any of the injuries and damages claimed therefrom.

**ANSWER:**

6.     State whether the UNITED STATES, on behalf of Crusader Community Health Clinic, has held or participated in any hearing dealing with morbidity or mortality related the care and treatment of Ariona Johnson and/or Victoria Day.  If so, state the date(s) of the hearings and identify the persons present.

**ANSWER:**

7.     State whether you have any information tending to indicate that:

(a)     Plaintiff Ariona Johnson, within the five years immediately prior to said occurrence, was confined in a hospital, treated by a physician or x-rayed for any reason other than personal injury? If so, state the name and address of each such hospital, physician, technician or clinic, the approximate date of such confinement or service, and state, in general, the reason for such confinement or service;

(b)     Any plaintiff had suffered serious personal injury prior to the date of said occurrence. If so, state when, where, how she was injured and describe, in general, the injuries suffered;

(c)     Any plaintiff has suffered personal injury at any time. If so, state when, where, how she was injured and describe, in general, the injuries suffered;

(c)     Any plaintiff has had a serious illness since the date of said occurrence? If so, state when she was ill and describe, in general, the illness;

(e)     Any plaintiff has ever filed any other suit for personal injuries? If so, state the court in which the suit was filed, the year filed and the title and docket of said case.

**ANSWER:**

3

8.      "Identify" all physicians (including attending physicians, independent contractors, residents and interns) who examined, treated, or were consulted, or in any way cared for Ariona Johnson and/or Victoria Day on October 11, 2018.

**ANSWER:**

9.      "Identify" all nurses (including registered nurses, APRNs, CNMs, LPNs, nurse practitioners, graduate nurses and nurses' aides) who examined, treated, or were consulted or directly supervised, or in any way cared for Ariona Johnson and/or Victoria Day on October 11, 2018.

**ANSWER:**

10.     "Identify" all persons, other than persons heretofore listed, who examined, treated, or were consulted, or in any way cared for Ariona Johnson and/or Victoria Day on October 11, 2018.

**ANSWER:**

11.     Were any medications prescribed, given or recommended to Ariona Johnson and/or Victoria Day, on October 11, 2018? If so, state:

    (a)     The name or names of the particular drugs given, administered, prescribed or recommended;

    (b)     The instructions or prescribed dosages that were given; and

    (c)     Were any medications prescribed or recommended for plaintiffs, Ariona Johnson and/or Victoria Day, but not given?  If so, state the medication that was prescribed, identify the person prescribing or recommending the medication, and identify the person who made the decision not to administer the medication.

**ANSWER:**

12.     State what tests or examinations were requested or performed on Ariona Johnson and/or Victoria Day on October 11, 2018.

**ANSWER:**

13.     With regard to each test or examination in the preceding interrogatory, identify the person performing said tests or examinations, and state the results of said test or examination.

**ANSWER:**

14.     State what treatment, if any, was provided to Ariona Johnson and/or Victoria Day on October 11, 2018.

**ANSWER:**

15.     Was any medical treatment, medication or recommendation of any kind recommended to Ariona Johnson during her pregnancy in 2018, but refused by Ariona Johnson? If so:

(a)     Who made the recommendation?

(b)     What medical treatment or medicine was recommended?

(c)     Where and when was the recommendation made?

(d)     Where and when did Ariona Johnson refuse the recommendation?

(e)     Identify any written notes or entries in any medical charts documenting the refusal.

**ANSWER:**

16.     Do you have statements of or transcripts from any person with knowledge of any facts relevant to the issues of liability, causation, or damages? If so, "identify" each such person, the date of each such statement, whether the statement is signed or unsigned, and whether such statement was written or oral.

**ANSWER:**

17.     Are you aware of any visual representations (as defined above) that were taken of Ariona Johnson and/or Victoria Day at any time? If so, state:

(a)     The name of the individual who took said photographs, videotapes or other visual representations;

(b)     The date and time at which they obtained; and

(c)     "Identify" the person presently having custody of same.

**ANSWER:**

18.     Please "identify" all persons who may or will offer opinion or expert testimony on Defendants' behalf at trial, and state for each such person:

(a)     The subject matter on which the witness is expected to testify;

    (b)    The conclusions and/or opinions of the witness and the basis therefore, including reports of said witness, if any;

    (c)    The qualifications of the witness to testify as an opinion or expert witness, including but not limited to a *curriculum vitae* or resume, if any; and

    (d)    Whether the witness is to be compensated for his or her work and/or testimony in connection with this action, and if so, the rate(s) and terms of such compensation.

**ANSWER:**

19.    List any medical texts, books, articles, journals, treatises or other medical literature, including complete title, author, publisher, edition, pages utilized, and date of publication for each text, book, article, journal, treatise or other material that:

    (a)    Theresa M. Sheahan, APRN, or any other Crusader Community Health Clinic provider relied on in treating the Plaintiffs, Ariona Johnson and/or Victoria Day during the course of her prenatal care;

    (b)    May use at trial in the defense of the allegations contained in the Complaint.

**ANSWER:**

20.    State each rule, regulation, or guideline of any association, licensing authority, accrediting authority, inspecting or review authority, or other organization that Theresa M. Sheahan, APRN or any other provider at Crusader Community Health Clinic relied on in the course of treatment of the Plaintiffs, Ariona Johnson and/or Victoria Day.

**ANSWER:**

21.    Have you or any individual on behalf of the UNITED STATES OF AMERICA interviewed anyone or taken any statements or reports regarding the incident that is the subject of this lawsuit? If so:

    (a)    "Identify" the individual performing the investigation and/or taking the statements;

    (b)    "Identify" any individuals who were interviewed and/or from whom statements were taken;

    (c)    State the date or dates upon which the interviews were conducted and/or statements were obtained;

    (d)    "Identify" any individuals who currently have possession of such

statements, report or interviews. If no individuals currently have possession, state who last had possession;

(e)    Identify all current risk management staff and identify the risk manager at the time of the incident.

**ANSWER:**

22.    Has any claim for medical negligence or malpractice been made against the UNITED STATES for the acts and/or omissions of Crusader Community Health Clinic and/or Theresa M. Sheahan, APRN, other than by the Plaintiffs in this action, during the 8-year period immediately preceding this lawsuit? If so, please identify each claimant, state the claimant's attorney name and address, case number (if a lawsuit was filed), name and address of the attorneys representing you and a brief description of the subject matter of each such claim.

**ANSWER:**

23.    "Identify" Theresa M. Sheahan, APRN's immediate supervisor at Crusader Community Health Clinic on October 11, 2018.

**ANSWER:**

24.    Regarding the Defendant's electronic medical records system utilized at Crusader Community Health Clinic in 2018:

(a)    List the model name, make, manufacturer, and version of any relevant software used to create, organize, or store electronic medical records of the Plaintiffs, Ariona Johnson and/or Victoria Day; and

(b)    Identify the employee or agent of the UNITED STATES most knowledgeable about the electronic medical record system that was utilized for the Plaintiffs, Ariona Johnson and/or Victoria Day, including audit reports of said system.

**ANSWER:**

25.    "Identify" any policies, procedures, guidelines, rules or protocols that were in effect at Crusader Community Health Clinic on October 11, 2018 for any physicians, nurses or midwives, including but not limited to Advance Practice Registered Nurses, that were providing prenatal care to patients. (In lieu of listing all please attach a complete index of all such policies.)

**ANSWER**:

26.    Do you have an opinion, or are you aware of anyone who has an opinion, as to the cause of the injuries to and/or condition of the Plaintiff, Victoria Day? If so, state:

(a)    Identify every person known to you who has such opinions;

(b)     The date or dates upon which you first formed such an opinion, or first became aware that some other individual had such an opinion;

(c)     State, with specificity, the opinion(s) formed by you or known to you, the source of said opinion(s), and the basis of said opinion(s).

**ANSWER:**

27.     Do you allege, contend or claim that the conduct of some person or some condition was the sole proximate cause of any of the damages the Plaintiffs are claiming in this matter as alleged in the Complaint? If so, please state what person or condition, when this occurred, and any other information you have concerning a "sole proximate cause" claim in this matter.

**ANSWER:**

28.     List all documents and materials known to you and requested by any of the foregoing interrogatories which you claim to be work product or subject to any common law or statutory privilege. With respect to each such interrogatory, specify the legal basis for the claim.

**ANSWER:**

**GOLDBERG & SCHULKIN LAW OFFICES**

By:     /s/Jeffrey A. Schulkin
        Attorneys for the Plaintiffs

Jeffrey M. Goldberg
Jeffrey A. Schulkin
GOLDBERG & SCHULKIN LAW OFFICES
20 North Clark Street, Suite 3100
Chicago, IL 60602
p. (312) 236-4146
f. (312) 236-5913
jgoldberg@goldberglaw.com
jschulkin@goldberglaw.com
Jeffrey M. Goldberg: ARDC# 0984086
Jeffrey A. Schulkin: ARDC# 6230220

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| ARIONA JOHNSON, Individually and as Mother and Next Friend of VICTORIA DAY, a minor, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. |
| vs. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

### FIRST NOTICE FOR PRODUCTION TO DEFENDANT

TO:  SEE ATTACHED DISCOVERY SERVICE LIST

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and procedures adopted by the local rules where this action is pending, this First Notice for Production to the Defendant, UNITED STATES OF AMERICA, is hereby served upon those individuals listed in the attached discovery service list. Compliance with this discovery request is due within 30 days, and shall include the following:

### DEFINITIONS

**Identify:**  When used with regard to a person, "identify" shall mean to state the person's (a) full name; (b) title or position; (c) present or last known business and home address and telephone numbers; (d) present or last known employer; (e) social security number; and (f) date of birth.

**Identify -** When used with regard to a "document," "identify" shall mean to identify the (a) title/nature of the document; (b) date of the document; (c) who prepared the document; and (d) who has possession of the document.

**You:**  As used herein, the word "you," includes, but is not limited to, your attorneys, representatives, agents, assigns, partners, anyone acting on your behalf, and any other related persons or entities.

**Document:**  As used herein, the word "document" includes, but is not limited to, papers, writings, photographs, films, recordings, memoranda, books, records, accounts, communications and all retrievable information in computer storage.

1

**Visual Representation:** As used herein, the words "visual representation" include, but are not limited to, blueprints, drawings, photographs, slides, motion pictures, films, videotapes, drawings, sketches, x-rays, radiological studies, medical imaging, microfiche, microfilm, any retrievable image in computer storage including images stored on CD ROM, or any other recordings of the physical appearance of any subject by any means.

**Statement:** As used herein, the word "statement" includes, but is not limited to, any statement, or notes or summaries of any statements, given by any person, whether a party or non-party, that is written (whether signed or unsigned), oral, recorded (whether transcribed or not), or held in any other medium, including, but not limited to, information in computer storage.

**Witness:** As used herein, the word "witness" means any person who has knowledge of, claims to have knowledge of, or that you believe may have knowledge of the occurrence, the injuries, the damages alleged, or any other matter in issue.

**Non-Disclosure:** With respect to any information and/or documents which the respondent withholds, does not disclose, or exerts a claim of privilege of non-disclosure, a statement shall be provided by the respondent's counsel which indicates the following:

(a)     A description of the nature of the documents, communications or things claimed to be privileged; and

(b)     The exact privilege that is being claimed.

****

1.     The statement of any party, as it pertains to this litigation, which is in the possession or control of any person or entity other than himself, his attorney, or insurer.

2.     The statement of any other person claiming knowledge of any facts relevant to the incident complained of or damages alleged.

3.     Any and all visual representations (as defined above) of Plaintiffs, Ariona Johnson and/or Victoria Day.

4.     Any and all medical records, documents or other materials in your possession regarding the Plaintiffs, Ariona Johnson and/or Victoria Day, including but not limited to the treatment of Plaintiffs rendered by the defendants, including medical records, medical reports, consent forms, authorization forms, information sheets, advisory sheets, educational sheets provided to any Plaintiff, x-rays, imaging studies, ultrasounds, laboratory reports, placental pathology slides and recuts of slides, test results, progress notes, nurses' notes, physicians' notes, work sheets, clinic sheets, flow chart, fetal monitor strips, placental pathology reports and any and all other records of any kind and sort.

5.      Any and all medical texts, books, articles, journals, treatises or other medical literature, including complete title, author, publisher, edition, pages utilized, and date of publication for each text, book, article, journal, treatise or other material that:

   (a)   Theresa M. Sheahan, APRN, or any other Crusader Community Health Clinic provider relied on in treating the Plaintiffs, Ariona Johnson and/or Victoria Day during the course of her prenatal care;

   (b)   you may use at trial in the defense of the allegations contained in the Complaint.

6.      The *curriculum vitae*, publications, and medical specialty for all expert witnesses (other than non-treating, purely consultant experts who are not to testify at trial).

7.      Copies of any and all reports and documents prepared by any expert regarding or relating to the subject matter of this litigation.

8.      Any and all billing records pertaining to health care services provided to Plaintiffs, Ariona Johnson and Victoria Day.

9.      The complete employment records of Theresa M. Sheahan, APRN's employment with any employer in October 2018, including but not limited to Crusader Community Health Clinic and the UNITED STATES, and also including but not limited to the entire personnel file, initial employment application, certificates of competency, educational certificates, records of training, employment reviews, employee evaluations, and records of continuing education.

11.      Complete copies of any and all employment, agency, independent contractors' status, independent contractor arrangements, or other contracts in effect in October 2018 entered into between Theresa M. Sheahan, APRN, and Crusader Community Health Clinic and/or any other entity relating to providing care at Crusader Community Health Clinic.

12.      Any and all written policies, procedures, manuals, rules, guidelines, nursing and/or hospital protocols, written by-laws, departmental or hospital standards, and any and all similar materials which reference or mention procedures, guidelines, or protocols in effect at Crusader Community Health Clinic wherein Ariona Johnson and Victoria Day received care and/or treatment in 2018. This request includes, but is not limited to, the scope of services that an Advance Practice Registered Nurse (APRN) could provide. If you object to producing the subject policies in their entirety, Plaintiffs are agreeable to reviewing a table of contents of said policies, *et al.* from which specific policies, *et al.* can be identified for production.

13.      Complete copies of any and manuals, instructions, procedures, documents, guidelines, or instruction material related to the use and operation of the electronic medical record system involved in this cause.

14. Copies of all subpoenas compelling the appearance of witnesses at trial of this case.

15. An affidavit of the party indicating that production is complete and that all documents have been produced in response to this request.


**GOLDBERG & SCHULKIN LAW OFFICES**

By:     /s/Jeffrey A. Schulkin
        Attorneys for the Plaintiffs

Jeffrey M. Goldberg
Jeffrey A. Schulkin
GOLDBERG & SCHULKIN LAW OFFICES
20 North Clark Street, Suite 3100
Chicago, IL 60602
p. (312) 236-4146
f. (312) 236-5913
jgoldberg@goldberglaw.com
jschulkin@goldberglaw.com
Jeffrey M. Goldberg: ARDC# 0984086
Jeffrey A. Schulkin: ARDC# 6230220

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| ARIONA JOHNSON, Individually and as Mother and Next Friend of VICTORIA DAY, a minor, | ) ) ) |
| Plaintiffs, | ) Civil Action No. |
| vs. | ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

**NOTICE OF VIDEORECORDED DEPOSITION TAKEN VIA VIDEOCONFERENCE**

**To:     SEE ATTACHED SERVICE LIST**

**Deponent:  THERESA M. SHEAHAN, APRN**

You are hereby notified that the undersigned will take the videoconference deposition that will be videorecorded of the above-named deponent before a notary public or any other duly authorized officer in the City of Chicago on:

|  **DATE** | **TIME** |
|---|---|
| February 15, 2021 | 10:00 a.m. |

You are hereby further notified pursuant to the Federal Rules of Civil Procedure that you are by this notice required to have present at the date and time stated, the said deponent for oral examination.

Videography services will be provided by Video Instanter. **The Zoom link will be sent out one day prior to the date of the deposition.** Additionally, see attached *Rider* for documents the Deponent is required to bring to the deposition.

**GOLDBERG & SCHULKIN LAW OFFICES**

/s/ Maureen Rubino
Maureen Rubino, Paralegal

Jeffrey M. Goldberg
Jeffrey A. Schulkin
GOLDBERG & SCHULKIN LAW OFFICES

1

20 North Clark Street, Suite 3100
Chicago, IL 60602
p. (312) 236-4146
f. (312) 236-5913
jgoldberg@goldberglaw.com
jschulkin@goldberglaw.com
Jeffrey M. Goldberg: ARDC# 0984086
Jeffrey A. Schulkin: ARDC# 6230220

## **PROOF OF SERVICE**

I hereby certify a true and correct copy of this NOTICE OF VIDEORECORDED DEPOSITION TAKEN VIA VIDEOCONFERENCE was issued along with the service of the Summons and Complaint to the United States of America via service of process.

/s/ Maureen Rubino
Maureen Rubino

2

**RIDER**

Deponent is to bring the following:

1.  Current *curriculum vitae*.

2.  Complete original copies of any and all medical records in your possession or in the possession of your attorney with regard to any of the medical care and attention rendered to Ariona Johnson and/or Victoria Day. This request includes medical records, test results, original x-rays, original laboratory reports, original fetal heart tone monitor strips, cardiograms, EEGs, etc.

3.  Any and all correspondence, memoranda, notes, or other materials sent by you to Ariona Johnson or received by you from Ariona Johnson, or maintained by you with regard to anything relative to this matter.

4.  Your complete billing record for services rendered to Ariona Johnson and/or Victoria Day.

5.  A complete list of any and all cases in which you have been named as a defendant, including the name and address of the plaintiff, name and address of the attorney representing the plaintiff, name and address of the attorney representing you, and the court and docket number in which the case was filed.

6.  Your complete application for employment at Crusader Community Health Clinic and/or the United States of America. Include all applications submitted by you, letters of reference, letters of recommendation, and similar materials.

7.  Complete copies of any and all articles which you have published, co-authored, or submitted for publication which relate to the subject matters of this litigation.

8.  Complete copies of any and all medical or nursing literature, publications, authoritative literature, scientific research or other similar materials on which you intend to rely in support of your actions, judgments, or recommendations during the care rendered in this matter.

9.  Complete copies of any and all certificates of attendance/completion from any seminars or medical and/or nursing continuing education programs attended during the last 5 (five) years.

10. Any and all materials and documents used in entering notes in the medical chart not contemporaneous with treatment, including, but not limited to copies of all physical and electronic notes created on October 11, 2018 that were later entered into the medical record.